IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARIN E. HEINBERG, | CV 18-00105-H-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| GILBERT L. HIBBS, DOROTHY S. HIBBS, SAFECO INSURANCE, PROGRESSIVE INSURANCE COMPANY, and COURTNEY HIBBS, | |
| Defendants. | |

Plaintiff Darin Heinberg, a state prisoner proceeding without counsel, filed an Amended Complaint alleging he was injured while riding his bike in Kennewick, Washington.  He claims Courtney Hibbs struck him with her pick-up truck while he was riding his bike.  He alleges she was making a left hand turn while on her phone.  (Amended Complaint, Doc. 9-1 at 5.)

The Court has considered whether Mr. Heinberg's Amended Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  It has also considered whether Mr. Heinberg has a reasonable opportunity to prevail on the merits.  *See* 42 U.S.C. § 1997e(g).  Dismissal is not appropriate at this time.  Mr.

1

Heinberg's allegations against Courtney Hibbs "are sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). Ms. Hibbs must respond to the Amended Complaint. *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

In his Amended Complaint, Mr. Heinberg did not name the insurance companies named in his original complaint and therefore those Defendants should be dismissed. In addition, he has not stated any basis for liability against Gilbert or Dorothy Hibbs. His only allegation is that they owned the truck driven by Courtney Hibbs. This is insufficient to state a claim against these individuals.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Pursuant to Fed. R. Civ. P. 4(d), the Court requests Defendant Courtney Hibbs to waive service of summons of Mr. Heinberg's Complaint by executing, or

having counsel execute, the Waiver of Service of Summons.  The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**.  If Ms. Hibbs chooses to return the Waiver of Service of Summons, the answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

2.  The Clerk of Court shall forward the documents listed below to:

Courtney D. Hibbs
20 East 36th Place
Kennewick, WA 99337

* Complaint (Doc. 2);
* the Court's April 4, 2019 Order (Doc. 7);
* Amended Complaint (Doc. 9);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for Ms. Hibbs must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed.  *See* D. Mont. L.R. 12.2.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate

3

caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Mr. Heinberg <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5. At all times during the pendency of this action, Mr. Heinberg must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Defendants Gilbert L. Hibbs, Dorothy S. Hibbs, Safeco Insurance, and Progressive Insurance Company should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Heinberg may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 22nd day of July, 2019.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Heinberg is being served by mail, he is entitled an additional three days after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELEN DIVISION

| | |
|---|---|
| DARIN E. HEINBERG, | CV 18-000105-H-BMM-JTJ |
| Plaintiff, | |
| vs. | RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |
| GILBERT L. HIBBS, DOROTHY S. HIBBS, SAFECO INSURANCE, PROGRESSIVE INSURANCE COMPANY, and COURTNEY HIBBS, | |
| Defendants. | |

TO:   Courtney D. Hibbs
      20 East 36th Place
      Kennewick, WA 99337

A lawsuit has been filed against you in this Court under the number shown above.  A copy of the Amended Complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if you had been

1

served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the claims of Mr. Heinberg contained in the Amended Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and Amended Complaint on you and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 22nd day of July, 2019.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARIN E. HEINBERG, | CV 18-00105-H-BMM-JTJ |
| Plaintiff, | |
| vs. | RULE 4 WAIVER OF THE SERVICE OF SUMMONS |
| GILBERT L. HIBBS, DOROTHY S. HIBBS, SAFECO INSURANCE, PROGRESSIVE INSURANCE COMPANY, and COURTNEY HIBBS, | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of the request to waive service of summons in this case.  Defendant also received a copy of the Amended Complaint.  I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____,        _____,

The above-named Defendant understands that she will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

waive any objections to the absence of a summons or of service.

Defendant also understand that she must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if she fails to do so default judgment will be entered against her.

Date: _____

_____
(Signature of the attorney or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

2